UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNY TRIGGS,

        Plaintiff,

  v.

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

Case No. 16-cv-828-pp

---

**ORDER GRANTING PLAINTIFF'S
REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

---

      On June 28, 2016, the plaintiff filed a complaint requesting that the court review the denial of his Social Security Supplemental Security Income and Disability Insurance claims. Dkt. No. 1. Along with the complaint, the plaintiff filed an affidavit in support of his motion that the court allow him to proceed with the case without paying the filing fee. Dkt. No. 2. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

      In his affidavit, the plaintiff indicates that he is not married and has no dependents. Dkt. No. 2 at 1. He receives no monthly income and has no financial assets. Id. at 2-3. He does not own a vehicle or any property of value. Id. at 3. The affidavit indicates that he has no monthly expenses. Id. at 2. The

court concludes from this information that the plaintiff has demonstrated that he cannot pay the full amount of the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In his complaint, the plaintiff asserts that the ALJ abused his discretion and that his decision was not supported by substantial evidence. In particular, the plaintiff alleges that the ALJ (1) did not properly account for the plaintiff's limitations in activities of daily living in his residual functional capacity (RFC) determination; (2) did not properly account for the moderate limitations noted by state agency psychologists in determining the limiting effects of the plaintiff's symptoms or in determining the plaintiff's RFC; (3) failed to properly explain the weight he gave to the plaintiff's treating physician's opinions; (4) failed to properly evaluate substantial evidence supporting the plaintiff's application for disability benefits; and (5) erred in concluding that the plaintiff could perform work as a janitor.

2

Based on the allegations in the complaint, the court finds that the plaintiff has stated a claim that the Commissioner's decision denying the plaintiff's application for benefits is not supported by substantial evidence. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **ORDERS** that the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

Dated in Milwaukee, Wisconsin this 1st day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge